**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SUSAN ZIOTS, an individual,

    Plaintiff - Appellant,

v.

STRYKER CORPORATION, a foreign
corporation; STRYKER SALES
CORPORATION, a foreign corporation,

    Defendants - Appellees.

No. 15-4148
(D.C. No. 2:15-CV-00104-DS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

    Susan Ziots appeals from a summary judgment entered in favor of Stryker

Corporation and Stryker Sales Corporation (collectively "Stryker"). At stake is a

statute of limitations bar of Ziots' product liability claims. The issue is whether she

exercised due diligence in timely identifying Stryker as the manufacturer of the

allegedly defective product. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

Ziots had shoulder surgery in 2005 at a hospital in St. George, Utah ("the Hospital"). She was treated with a pain pump, which is a device that delivers a controlled amount of medication to the surgery site. In the years that followed, Ziots suffered severe degeneration of the cartilage in her shoulder, which she attributed to the pain pump.

In 2009, Ziots joined a mass-tort lawsuit in California against several pain pump manufacturers. All plaintiffs in the California suit were required to file "plaintiff product ID fact sheets" identifying the specific products they believed caused their injuries. Based on an operative report from the Hospital stating a "PainBuster catheter" was used during her surgery, Aplt. App., Vol. 1 at 221, Ziots identified the "I-Flow ON-Q PainBuster" pain pump in her product identification sheet, *id.* at 218. I-Flow responded on March 11, 2011, stating it did "not possess a basis to affirm or contest" whether it manufactured the pain pump used in Ziots' surgery because her product identification sheet "and documentation attached to that sheet, [were] inadequate." *Id.*, Vol. 3 at 11. As I-Flow further explained, Ziots' failure to provide "information confirming that the pump used during [her] surgery was manufactured by I-Flow" and the operative report's reference to a "'PainBuster catheter' [did] not confirm product ID as to I-Flow." *Id.*

Two years later, on March 6, 2013, Ziots served a deposition subpoena and subpoena duces tecum on the Hospital seeking information about the pain pump used in her surgery. On March 11, 2013, the Hospital produced records showing Stryker,

2

not I-Flow, manufactured the pump. Ziots' motion seeking to amend her complaint in the California suit to add Stryker as a defendant was denied as untimely. The California Court of Appeals affirmed.

Ziots filed this action in Utah federal district court on February 13, 2015, raising the claims she was not permitted to pursue in the California suit. Stryker moved to dismiss Ziots' suit because the claims were barred by the applicable statute of limitations. The district court converted Stryker's motion to dismiss to a motion for summary judgment and, after supplemental briefing, entered summary judgment in favor of Stryker.

## II. Standard of Review

We review the grant of summary judgment de novo and apply the same standard as the district court. *Hawkins v. Schwan's Home Serv., Inc.*, 778 F.3d 877, 882 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 690 (2015). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, the movant shows there is no genuine dispute of material fact and he is entitled to judgment as a matter of law. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008); Fed. R. Civ. P. 56(a).

A federal court with diversity jurisdiction "applies the substantive law of the state where it is located, including the state's statutes of limitations." *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1210 (10th Cir. 2013).

3

## III. Analysis

Ziots concedes that her claims are subject to Utah's two-year statute of limitations on product liability actions, but contends the statute does not bar them and any factual dispute about whether it does must be resolved by a jury; summary judgment is inappropriate. We discern no genuine dispute of material fact precluding summary judgment.

In Utah, a product liability claim "shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, both the harm and its cause." Utah Code Ann. § 78B-6-706 (2008). Due diligence is "diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so." *Aragon v. Clover Club Foods Co.*, 857 P.2d 250, 253 (Utah Ct. App. 1993) (internal quotation marks omitted). "Cause" means both the manufacturer of the product and the causal relation to the harm. *Id*.

Ziots discovered she was injured by a pain pump long before February 13, 2013 (two years before filing her complaint), but she did not discover who manufactured the pump until March 11, 2013. Nevertheless, Stryker argues, the statute of limitations bars Ziots' claims because Ziots failed to exercise due diligence. Had she done so, it says, she could have identified Stryker as the manufacturer of the pump much earlier. To be entitled to summary judgment, Stryker must show there is no genuine dispute of material fact on this issue. *See Robert L. Kroenlein Trust ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir.

4

2014) ("The statute of limitations is an affirmative defense, so the defendant [moving for summary judgment] bears the burden of demonstrating that there is no material fact in dispute on the issue of whether the statute of limitations bars the claim." (citations omitted)). A dispute is "genuine" if there is sufficient evidence for a rational trier of fact to resolve it either way. *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016). So the question is whether the record reveals sufficient evidence for a rational jury to find Ziots had exercised due diligence in discovering the manufacturer the pain pump and, if not, whether due diligence required her to discover the manufacturer prior to February 13, 2013.

Ziots claims to have exercised due diligence. According to her, reliance on the operative report to identify I-Flow as the manufacturer was reasonable and she had no reason to suspect otherwise until March 11, 2013, when she received the hospital records identifying Stryker, not I-Flow, as the manufacturer. But the operative report merely says a "PainBuster catheter" was used during Ziots' surgery—it makes no mention of an I-Flow pain pump, or any other pain pump for that matter. *See* Aplt. App., Vol. 1 at 220-21. And although Ziots claims "PainBuster" is a "brand of pain pump trademarked and exclusively distributed by I-Flow," Opening Br. at 19, she does not explain why it was reasonable to rely on a brief reference to a catheter to identify the manufacturer of a pain pump. But that does not end the debate.

Even if Ziots reasonably relied on the operative report, the district judge properly concluded that I-Flow's March 11, 2011, response to Ziots' product identification sheet placed her "on notice to make further inquiry." *Macris v.*

5

*Sculptured Software, Inc.*, 24 P.3d 984, 990 (Utah 2001) ("[A]ll that is required to trigger the statute of limitations is sufficient information to put plaintiffs on notice to make further inquiry if they harbor doubts or questions."). I-Flow's inability to confirm whether it manufactured the pain pump based on the information Ziots provided was enough to raise questions about whether she had identified the correct manufacturer, and Ziots made no attempt to answer these questions until she subpoenaed additional records from the Hospital in 2013. Contrary to Ziots' suggestion, I-Flow's promise to conduct additional investigation into the matter did not relieve Ziots of her responsibility to properly identify the manufacturer. Due diligence requires affirmative action, not passive (and convenient) assumptions.

Even when viewed in the light most favorable to Ziots, insufficient evidence exists for a rational jury to find she exercised due diligence in discovering the manufacturer of the pain pump used in her surgery. She has not satisfactorily explained why undiscriminating reliance on the operative report's reference to a "PainBuster catheter" was reasonable in these circumstances. But if (hypothetically) it was, I-Flow's response to her product identification sheet placed her on notice in March of 2011 that further investigation was required. On this record, a rational jury could not find Ziots to have exercised the level of diligence "appropriate to accomplish the end sought and which is reasonably calculated to do so." *Aragon*, 857 P.2d at 253.

Finally, no rational jury could find that diligent inquiry should not have led Ziots to the manufacturer before February 13, 2013. When Ziots finally sought

6

additional information from the Hospital on March 6, 2013, she learned the true manufacturer of the pain pump in less than a week. Ziots does not claim she was prevented from conducting this inquiry sooner and has offered no viable explanation for her failure to do so.[1] Duly diligent inquiry would have revealed Stryker as the manufacturer of the pain pump long before February 13, 2013.

## IV. Conclusion

There is no genuine dispute of material fact as to whether the statute of limitations bars Ziots' claims. We therefore affirm the district court's order granting summary judgment.

Entered for the Court


Terrence L. O'Brien
Circuit Judge

---

[1] Ziots does not argue the discovery stay in the California suit prevented her from seeking this information previously. The stay did "not limit the ability of the parties to do limited third party discovery to determine product identification by sending subpoenas and conducting limited depositions of . . . facilities and hospitals." Aplt. App., Vol. 1 at 229. And regardless, the discovery stay was lifted in August 2012.